12947.    WHITE v. THE STATE.

Where a post-dated bank check was drawn at the instance of the payee
and delivered to him by the drawer in payment for work which had
been done by the payee, when the drawer had no funds in the bank
and so stated to the payee at the time of delivering the check to him,
but told the payee that he hoped to have such funds on maturity of
the check, the drawer was not punishable under the banking law re-
lating to the drawing and delivering of checks without sufficient funds
for their payment (Ga. L. 1919, p. 220, sec. 34).

DECIDED DECEMBER 13, 1921.

Accusation of misdemeanor; from city court of Miller county
— Judge Geer. September 24, 1921.

N. L. Stapleton, for plaintiff in error.

LUKE, J.   White was convicted of a violation of the banking
laws of the State, he having been accused of drawing and utter-
ing a check on a bank without having sufficient funds in the
bank to pay the check, and with intent to defraud the payee
of the check. The evidence clearly shows that he was in-
debted to the payee for work upon an automobile, and that sub-
sequently to the doing of the work, and in the month of June
after the work had been done, and at the instance of the payee
of the check, he drew said check upon a bank and the check was
post-dated to August 15. At the time he drew the check, he
stated to the payee that he had no funds in the bank at the
time, but hoped to have such funds by the maturity of the check.
Under this state of facts, we do not think that the evidence
authorized the defendant's conviction, and it was error to over-
rule his motion for a new trial. See Strickland v. State, ante, 772
(110 S. E. 39).

Judgment reversed.   Broyles, C. J., and Bloodworth, J., con-
cur.